IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **DORIS M. JACKSON, Pharm.D.,** | ∫ | |
| | ∫ | |
| **Plaintiff,** | ∫ | |
| | ∫ | |
| **v.** | ∫ | **Civil Action No. _____** |
| | ∫ | |
| **TEXAS SOUTHERN UNIVERSITY.** | ∫ | |

## PLAINTIFF JACKSON'S ORIGINAL COMPLAINT

Doris M. Jackson, Pharm.D., hereinafter "Dr. Jackson," files this, her original complaint, against Texas Southern University, hereinafter "the University," and states her claims for relief as follows.

**1.**

### Jurisdiction and Venue

1.1     This action arises under the laws of the United States of America.

1.2     The jurisdiction of this court is invoked in accordance with the provisions of 28 U.S.C. § 1331, federal question;  28 U.S.C. § 1343, civil rights, and 42 U.S.C. § 2000e-5, unlawful discrimination in employment.

1.3     Venue properly lies in this court in accordance with the provisions of the General Venue Statute, 28 U.S.C. § 1391(b) and (c), in that the claim arose in Houston, Harris County, Texas, where the defendant is subject to personal jurisdiction.

**2.**

**Nature of the Claim and Relief Sought**

2.1 Claims of unlawful employment discrimination are presented, subject to amendment or supplementation.

2.2.  After being unable to resolve her claims internally, or administratively through the United States Equal Employment Opportunity Commission, Dr. Jackson seeks a declaration that the abusive and disparate treatment to which she has been and is being subjected has violated and continues to violate her rights under the provisions of Title VII of the 1964 Civil Rights Act, as amended.

2.3   Dr. Jackson prays for lost pay and benefits of her employment; compensation for damages to her reputation and person, including humiliation, emotional distress, loss of enjoyment of life, and diminished earning capacity; appropriate injunctive relief directing the University to assign her to her rightful place with fair and equal compensation, and prohibiting the University from continuing its unlawful conduct with respect to Dr. Jackson and from taking any adverse action in retaliation for Dr. Jackson's opposing the unlawful discrimination and participating in efforts to enforce the applicable civil rights law.

2.4 Plaintiff further prays for the recovery of reasonable attorney's fees, the costs of this action, including the fees and expenses of expert testimony, prejudgment and postjudgment interest, and all other relief to which she may show herself entitled at law or in equity.

2.5 This action is being filed during the specific period required by the applicable civil rights law, and Dr. Jackson gives due notice to Texas Southern University that she is reviewing related circumstances that she might present as additional claims under federal and/or state law.

**3.**

**The Parties**

3.1 Dr. Jackson is an adult, female citizen of the United States and the State of Texas, residing in Houston, Texas, and at times material to this action an associate professor in the Texas Southern University College of Pharmacy and Health Services (COPHS).

3.2 Texas Southern University is a public institution of higher education, with its principal offices and campus located in Houston, Texas, and the recipient of federal financial assistance.

**4.**

**General Statement of Facts**

4.1 Dr. Jackson was graduated from Texas Southern University with the degree of Bachelor of Science in Pharmacy, in May 1974.

4.2 After pursuing post-graduate studies, she received the degree of Doctor of Pharmacy from Mercer University in Atlanta, in May 1977.

4.3 Dr. Jackson is an ordained minister and has been active in religious and community activities, including serving as coordinator for the Youth for Christ Foundation, and as general chair of the Health and Educational Article Review Board of the *Forward Times*, a community newspaper.

4.4 For more than 20 years, she has served as a pharmacy faculty member of the University, and she presently holds the rank of associate professor in the University's College of Pharmacy and Health Services, which she has served as associate dean.

4.5 In 2005, she received the Elva K. Steward Alumni of the Year Award from the T. F. Freeman Ministers/Laity Summit at the University.  She also has received numerous other awards, including Outstanding Teacher of the Year in 1998.

4.6 She has served as director of continuing clinical service for the National Pharmaceutical Association and has a distinguished research and publications record.

4.7 Dr. Jackson has been particularly recognized for her dedicated service and assistance to pharmacy students, and some of her students now are fellow members of the pharmacy faculty at the University.

4.8 Notwithstanding her demonstrated qualifications, teaching and community service, Dr. Jackson has been for at least five years continuously discriminated against in her rank and assigned duties, compensation, course assignments and volume of responsibilities, and treatment of her students, in particular those for whom she serves as an advisor.

4.9 The continuing discriminatory conduct to which Dr. Jackson has been subjected has been motivated by her race and national origin, with preferential treatment being accorded to individuals born in Africa and thereby considered and treated as deserving terms and conditions of employment superior to those accorded native born African-Americans.

4.10 The adverse treatment against Dr. Jackson has been further exacerbated by the lightness of her skin pigmentation, as compared to favored faculty members, and by her age of more than 59 years, substantially greater than the age of faculty accorded more favorable treatment.

4.11 Dr. Jackson complained to officials of the University with responsibility over the discriminatory conduct and the discretion and power to effect corrections, and she made extensive and diligent efforts to obtain relief within the University.

4.12 Rather than being accorded merited relief, Dr. Jackson was subjected to acts of retaliation, furthering and extending the discriminatory conduct set forth above.

4.13 Unable to obtain relief through the internal procedures of the University, Dr. Jackson, on or about January 11, 2011, filed sworn charges of unlawful discrimination with the Texas Workforce Commission Civil Rights Division and the United States Equal Employment Opportunity Commission (E.E.O.C.).

4.14 The Commission conducted an investigation of the charge, but was unable to elicit sufficient information to permit a conclusion either that there had been a violation of the 1964 Civil Rights Act, as amended, and the Age Discrimination in Employment Act, or to certify that the University was in compliance with the laws.

4.15 On or about September 14, 2011, the E.E.O.C. issued, through the Director of the Houston District Office, a notice of Dr. Jackson's right to file suit on her discrimination claims.

4.16 This lawsuit is being filed within the statutory period provided by law.

4.17 The University's actions, through its officers and agents, and the University's omissions of corrective action, proximately have damaged Dr. Jackson extensively by loss of pay and benefits, humiliation, emotional distress, damage to her personal reputation, damage to her professional reputation, damage to her earning capacity and damage to her enjoyment of life.

4.18 It was necessary for Dr. Jackson to obtain legal counsel to file and prosecute this action.

4.19 Dr. Jackson has no plain and adequate remedy at law to obtain appointment to her rightful place and to be free from reprisal, and it is essential that this court grant relief through appropriate mandatory and prohibitory injunctive orders, so that Dr. Jackson can gain her rightful place and be kept free from further mistreatment and retaliation.

4.20 Should the evidence establish that because of the bias against Dr. Jackson one or more students have been unfairly adversely affected due to perceived association with Dr. Jackson, the

court should extend the provisions of its injunctive orders to provide appropriate relief and protection to those students.

## **PRAYER**

Accordingly, Dr. Jackson prays that the University be cited to appear and answer in this action, that this action be expedited for trial and final disposition as provided by law, and that upon the findings of the jury and the application of the law, the court grant Dr. Jackson a declaration that her civil and legal rights have been violated, such injunctive orders as might be required to provide Dr. Jackson full equitable relief and protection, an award of lost pay and all related benefits, an award of compensatory damages to the full extent allowed by law, reasonable attorney's fees, costs and related expenses, pre-judgment interest and post-judgment interest as provided and allowed by law, and all other relief to which Dr. Jackson might show herself entitled at law or in equity.

Respectfully submitted,

_____

David T. López
Attorney-in-Charge for Plaintiff
S.D. of Texas No. 8467
State Bar of Texas No. 12563000
3900 Montrose Boulevard
Houston, TX 77006-4959
Telephone: 713.523.3900
Telecopier: 713.523.3908
E-mail: dtlopez@lopezlawfirm.com

OF COUNSEL:

DAVID T. LOPEZ & ASSOC.

## **Demand for Jury**

In the exercise of her rights under the Constitution and laws of the United States, plaintiff requests that all facts material to her claims be determined by a jury.