IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Doris M. Jackson, Pharm.D., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:11-CV-4092 | |
| § | | |
| TEXAS SOUTHERN UNIVERSITY. § | | |
| Defendant. § | | |

## DEFENDANT'S ORIGINAL ANSWER
## AND AFFIRMATIVE DEFENSES

TO THE HONORABLE MELINDA HARMON:

Now comes Defendant, Texas Southern University ("TSU"), and files this Original Answer and Affirmative Defenses to Plaintiff's Original Complaint and Jury Demand ("Complaint"), in the same order as the plaintiff's allegations

**1.**

**Jurisdiction and Venue**

1.1    TSU admits the allegations in this paragraph.

1.2    TSU admits only that the Court has jurisdiction under 28 U.S.C. § 1331 over Plaintiffs' putative claims under 42 U.S.C. § 2000e. TSU denies that any of these claims are meritorious.

1.3    TSU admits the allegations in this paragraph.

**2.**

**Nature of the Claim and Relief Sought**

2.1    TSU admits that the Complaint asserts claims for employment discrimination, but denies that any of these claims are meritorious.

2.2     TSU denies that its actions violated Title VII and denies that Plaintiff is entitled to any of the relief she seeks.

2.3     TSU denies that Plaintiff is entitled to any of the relief she seeks.

2.4     TSU denies that Plaintiff is entitled to any of the relief she seeks.

2.5     TSU lacks sufficient information or knowledge to admit or deny this paragraph.

## 3.

## The Parties

3.1     TSU admits the allegations in this paragraph.

3.2     TSU admits the allegations in this paragraph.

## 4.

## General Statement of Facts

4.1     TSU admits the allegations in this paragraph.

4.2     TSU admits the allegations in this paragraph.

4.3     TSU lacks sufficient information or knowledge to admit or deny this paragraph.

4.4     TSU admits the allegations in this paragraph, except denies that Plaintiff served as Associate Dean.  Rather, Plaintiff served as Interim Associate Dean.

4.5     TSU lacks sufficient information or knowledge to admit or deny this paragraph.

4.6     TSU lacks sufficient information or knowledge to admit or deny this paragraph.

4.7     TSU lacks sufficient information or knowledge to admit or deny this paragraph.

4.8     TSU denies the allegations in this paragraph.

4.9     TSU denies the allegations in this paragraph.

4.10    TSU denies the allegations in this paragraph.

4.11    TSU denies the allegations in this paragraph.

4.12    TSU denies the allegations in this paragraph.

4.13    TSU denies that the Plaintiff was unable to obtain relief through the University's internal procedures, as Plaintiff never filed an internal grievance under the provision of TSU's faculty manual or human resource policies. TSU admits Plaintiff filed a charge with the EEOC on or about January 11, 2010 (not January 11, 2011, as alleged in the Complaint).

4.14    TSU admits that the EEOC conducted an investigation of the charge, but denies Plaintiffs' characterization of the results of that investigation included in this paragraph and refers to the EEOC's Dismissal and Notice of Rights, dated September 14, 2011, for the precise contents thereof.

4.15    TSU admits that the EEOC issued a Dismissal and Notice of Rights, dated September 14, 2011, and refers to that document for the precise contents thereof.

4.16    TSU admits that Plaintiff filed this lawsuit within 90 days of receiving the Dismissal and Notice of Rights from the EEOC.

4.17    TSU denies the allegations in this paragraph.

4.18    TSU denies the allegations in this paragraph.

4.19    TSU denies the allegations in this paragraph..

4.20    TSU denies the allegations in this paragraph..

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Sovereign immunity bars any and all of Plaintiff's claims to which that defense may apply.

3. The Eleventh Amendment bars any and all of Plaintiff's claims to which that defense may apply.

4. At all times relevant to this cause, TSU's actions were reasonable and proper under the laws of the State of Texas and the United States. Any and all employment decisions made with respect to Plaintiff were made for legitimate, non-discriminatory purposes.

5. Plaintiff failed to mitigate her damages, if any.

6. Plaintiff's own acts and/or omissions caused or contributed to the Plaintiff's injuries, if any.

7. Plaintiff failed to exhaust her administrative remedies, to the extent applicable.

8. Plaintiff's claims, in whole or in part, are time barred by the applicable statute of limitations period.

9. TSU reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

## PRAYER

Defendant, Texas Southern University, respectfully prays that Plaintiff be denied any and all relief which she seeks, that TSU recover its costs, and that TSU be awarded any additional relief to which the Court may determine it is entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Darren G. Gibson _____
**DARREN G. GIBSON**
**Attorney-in-charge**
Texas Bar No. 24068846
Southern District ID No. 1041236
Darren.Gibson@oag.state.tx.us
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*ATTORNEYS FOR DEFENDANT*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

David T. Lopez
DAVID T. LOPEZ & ASSOCIATES
3900 Montrose Blvd.
Houston, Texas 77006-4959
dtlopez@loopezlawfirm.com


/s/ Darren G. Gibson _____
**DARREN G. GIBSON**
Assistant Attorney General