IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DORIS M. JACKSON, Pharm. D.,     §
                                 §
            Plaintiff,           §
                                 §
VS.                              §   CIVIL ACTION H-11-4092
                                 §
TEXAS SOUTHERN UNIVERSITY,       §
                                 §
            Defendant.           §

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging employment discrimination based on race and national origin under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, and on age under the Age Discrimination in Employment Act ("ADEA"), violation of Plaintiff Doris M. Jackson, Pharm. D.'s right of free speech, freedom to petition for redress, her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et al.*, and a denial of her right to obtain public records under state law, are Defendant Texas Southern University's ("TSU's") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (instrument #15) and  motion for summary judgment (#26).

### Standards of Review

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing

-1-

any attack on the merits." *Crenshaw-Logal v. City of Abilene, Texas*, No. 11-10264, 2011 WL 3363872, *1 (5th Cir. Aug. 4, 2011), *quoting Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. Mar. 15, 2011); Fed. R. Civ. P. 12(h)(3).  If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Crenshaw-Logal*, 2011 WL 3363872, *1*, quoting Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  The reasons behind this practice are to preclude courts from issuing advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'".  *Id.*, *citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), and *Ramming*, 281 F.3d at 161.

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.  The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1) motion.  *Ramming*, 281 F.3d at 161.  In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.

1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy its burden of proof, may also submit evidence

to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, H-06-4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008), *citing Garcia*, 104 F.3d at 1261. "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit,[1] has significant authority "'to weigh the

---

[1] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id*. To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties.

evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). TSU's challenge is a facial attack.

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

See *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; see *Menchaca v. Chrysler Credit Corp.*,613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).   "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").   "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974).   "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, opined that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the

-7-

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact; the movant may, but is not required to, negate elements of the nonmovant's case to prevail on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may

not rely merely on allegations, denials in a pleading or
unsubstantiated assertions that a fact issue exists, but must set
forth specific facts showing the existence of a genuine issue of
material fact concerning every element of its cause of action(s).
*Morris v. Covan World Wide Moving, Inc,*, 144 F.3d 377, 380 (5th Cir.
1998). Conclusory allegations unsupported by evidence will not
preclude summary judgment. *National Ass'n of Gov't Employees v.
City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d
1322, 1325 (5th Cir. 1996). "'[T]he mere existence of *some* alleged
factual dispute between the parties will not defeat an otherwise
properly supported motion for summary judgment . . . .'" *State
Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990),
*quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48
(1986). "Nor is the 'mere scintilla of evidence' sufficient;
'there must be evidence on which the jury could reasonably find for
the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252. The
Fifth Circuit requires the nonmovant to submit "'significant
probative evidence.'" *Id.*, *quoting In re Municipal Bond Reporting
Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing
Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d
194, 197 (5th Cir. 1986). "If the evidence is merely colorable,
or is not significantly probative, summary judgment may be
granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th
Cir. 1999), *citing Celotex*, 477 U.S.  at 322, and *Liberty Lobby*,

477 U.S. at 249-50.[2]

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 712-13.

### Allegations in the Amended Complaint

Plaintiff, who holds a degree of Doctor of Pharmacy, has been on the TSU faculty for over twenty years, served as associate dean, and is an associate professor of the Texas Southern University College of Pharmacy and Health Services ("COPHS").  In 2005 she received the Elva K. Stewart Alumni Award from the T.F. Freeman Ministers/Laity Summit at the University.  She has received a number of other awards, including Outstanding Teacher of the Year in 1998.  She has served a director of continuing clinical service for National Pharmaceutical Association and has a distinguished research and publications history.  She has been recognized for mentoring pharmacy students, some of whom are now fellow members of the pharmacy faculty at the University.

Plaintiff complains that for approximately five years she has

---

[2] The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).  Rather the nonmovant must identify evidence in the record and demonstrate how it supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

been discriminated against on the basis of her race, exacerbated by the lightness of her skin pigmentation, national origin, and age (over 59) with respect to her rank, assigned duties, compensation, course assignments and volume of responsibilities and treatment of her students, especially of those for whom she serves as an advisor, while preferential treatment has been accorded to others who were born in Africa and have darker complexions.

Plaintiff claims that she has "engaged in extensive efforts in the public interest, including requests for public information and persistent advocacy to insure proper and fair compliance with the educational mission of the University, and the University has responded by willful denial of the requested information, in violation of applicable State law, and has retaliated against Dr. Jackson for her public expression in the public interest and her efforts to mitigate and resolve the unlawful actions against her through available means within the University." #14 at p. 5.

Plaintiff asserts that she has been subjected to acts of retaliation, including the University's failure to restore her to her position after she took leave under the FMLA on or about May 1, 2012.

Plaintiff claims she has been damaged by loss of employment, loss of pay and benefits, humiliation, and injured as to her personal and professional reputation, earning capacity, and enjoyment of life.

## Defendant's Motion to Dismiss

It is well established that the Eleventh Amendment bars "an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Eud. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Regarding lack of subject matter jurisdiction under Rule 12(b)(1), TSU argues that it is well established that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). For purposes of the Eleventh Amendment immunity, a suit against a state university is a suit against the state. *Pennhurst*, 465 U.S. at 100. TSU contends that Plaintiff's age discrimination suit is barred by the Eleventh Amendment and should be dismissed under Rule 12(b)(1). *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000)(Congress did not validly abrogate the states' sovereign immunity with respect to the ADEA because the abrogation exceeded Congress' authority under the Fourteenth Amendment); *Sullivan v. Univ. of Texas Health Science Center at Houston Dental Branch*, 217 Fed. Appx. 391, 395 (5th Cir. 2007)(affirming dismissal of ADEA claim because Congress has not abrogated the Eleventh Amendment and Texas has not voluntarily waived its immunity). As a matter of law

the Court agrees.

Moreover in response Plaintiff argues that she should have stated more clearly that her age discrimination claims are brought under Texas law, i.e, provisions of Chapter 21 of the Texas Labor Code.  Plaintiff does not identify the provisions under which she now claims she is suing.  In *Sullivan*, the Fifth Circuit addressed this issue and concluded that none of the relevant provisions, Texas Labor Code Ann. §§ 21.005, 21.201(a), 21.100, 21.204(b), and 21.11, contains the requisite "clear declaration"[3] of Texas' consent to be sued.  *Sullivan*, 217 Fed. Appx. at 394.  *See also Trevino-Garcia v. U. of Tex. Health Science Center--School of Medicine*, Civ. A. No. SA-09-CA-0572-XR, 2009 WL 5195962, * n.1 (W.D. Tex. Dec. 21, 2009).

Defendant's motion to dismiss (#15) objects that both the original and amended complaints in this suit are comprised of vague and conclusory allegations of discrimination and retaliation without factual support.  Plaintiff does not identify any specific discriminatory adverse employment actions, but vaguely refers to assignments, duties and working conditions, does not say when they occurred, or who made the decisions, nor does she identify anyone outside her protected class who was treated differently.  Plaintiff

---

[3] *See Meyers ex rel. Benzing v. Tex.*, 410 F.3d 236, 241 (5th Cir. 1005)(A state waives its immunity under the Eleventh Amendment by (1) voluntarily invoking federal court jurisdiction or (2) making a "clear declaration" that it intends to submit itself to federal court jurisdiction.).

fails to identify what speech she made that violated her First Amendment rights or how Defendant infringed them, nor does she define what she means by her alleged "extensive efforts in public interest." Nor does she state that she was denied FMLA leave or that she was terminated on her return from that leave. (TSU represents that Plaintiff is still working as an associate professor at its institution.) Plaintiff also fails to identify specific requests for public information or what documents were withheld, nor does she show why she is entitled to the requested information or identify under what law. The Court fully agrees that she fails to state a plausible claim under Rules 8(a) and 12(b)(6).

TSU further contends that Plaintiff's First Amendment claim lacks a legal basis and sufficient facts to meet *Twombley*'s plausibility standard. It maintains that the exclusive vehicle for alleging constitutional violations against TSU as a person acting under color of state law in under 42 U.S.C. § 1983.

The Court disagrees with TSU's analysis as a matter of law regarding her inadequately pleaded First Amendment claim under § 1983. The Amended Complaint does not sue any individuals. While § 1983 is the traditional statutory vehicle for bringing private actions with claims of constitutional violations, state universities are "arms of the state" and are not "persons" within the meaning of § 1983, and therefore not proper defendants in §

-14-

1983 actions. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).[4] *See also Laxey v. Louisiana Bd. of Trustees*, 22 F.3d 621, 623 n.2 (5th Cir. 1994); *Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 838-39 (S.D. Tex. 2003); *Mawson v. Univ. of Miss. Med. Center*, Civ. A. No. 3:11-cv-574-DPJ-FKB, 2012 WL 6649323, *2 (S.D. Miss. Dec. 20, 2012). Thus the Court would lack jurisdiction over TSU if Plaintiff asserted a First Amendment claim under § 1983, and she cannot assert a First Amendment claim directly against the state university. Thus even though the Court agrees with TSU that Plaintiff's First Amendment claim and First Amendment retaliation claims are vague and conclusory and therefore fail to state a plausible claim, the Court dismisses them under Rule 12(b)(1).

TSU also contends that Plaintiff fails to plead facts establishing the court's jurisdiction over her FMLA claim, because in that statute, too, Congress did not validly abrogate the State's sovereign immunity from suits for money damages in so far as its self-care provision, 29 U.S.C. § 2612(a)(1)(D), is involved. *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, 1338 (2012). In contrast, the Supreme Court has held that Congress did validly abrogate the State's sovereign immunity as to family-care

---

⁴ In *Will*, the Supreme Court held that "neither a state or persons acting in their official capacities are 'persons' under section 1983," but state officials in their official capacities, when sued for injunctive relief, are 'persons' under section 1983." 491 U.S. at 71 & n.10.

provision, § 2612(a)(1)(C), under the FMLA. *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721 (2003). While TSU states that it understands her leave was related to self-care, the complaint is so vague that it is impossible to tell if she is making a self-care claim, or a family-care claim, so the Court cannot determine if it has jurisdiction over the FMLA claim.

TSU asserts, in addition, that Plaintiff fails to state a plausible FMLA claim. The statute allows eligible employees twelve weeks of unpaid leave each year for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Upon returning to work, the employee is entitled to be reinstated to the same or an equivalent position. 29 U.S.C. § 2614(a). Section 2615(a)(2) makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter." 29 U.S.C. § 2615(a)(2). To plead a prima facie case for retaliation under § 2615(a)(2), a plaintiff must demonstrate that (1) she was protected by the FMLA, (2) she suffered an adverse employment decision; and (3) either (a) she was treated less favorably than an employee who has not requested leave under the statute, or (b) the adverse decision was made because she took FMLA leave. *Hunt v. Rapides Healthcare Sys., L.L.C.*, 277 F.3d 757, 768 (5th Cir. 2001).

The First Amended Complaint states that TSU failed to restore

-16-

her to her position following leave under the FMLA on or about May 1, 2012 (#14 at ¶ 4.13); yet it also states that Plaintiff "presently holds the rank of associate professor" (*id.* at ¶ 4.4). Given this contradiction, she fails to state a plausible FMLA claim.

TSU contends that Plaintiff's Texas Public Information Act ("TPIA"), Tex. Gov't Code Ch. 552 is also insufficiently pleaded: Plaintiff asserts that she made requests for public information that TSU denied and that she seeks to obtain public information under state law. TSU insists that when state officials purportedly do not comply with TPIA by failing to provide public information, the requestor's relief is statutorily limited to filing suit for a writ of mandamus to compel production "in a district court for the county in which the main offices of the governmental body are located." Tex. Gov't Code § 552.321. *See Moore v. Collins*, 897 S.W. 2d 496, 499-500 (Tex. App.--Houston [1st Dist.] 1995, no writ). The requestor cannot obtain monetary damages. *Id.* at 500 ("[N]othing in the Open Records Act permits punitive or compensatory damages for failing to turn over public records. The only monetary reward for a successful litigant is reimbursement for cost of litigation and reasonable attorney fees under Tex. Gov't Code § 552.323 . . . ."). Where the requestor fails to seek relief by filing a suit of writ of mandamus in the appropriate state court, § 552.321, the claim is improper and subject to dismissal.

-17-

*Moore*, 897 S.W. 2d at 500; *Dimitric v. Texas Workforce Com'n*, Civ. A. No. G-07-0247, 2008 WL 4365944, *15 (S.D. Tex. Sept. 27, 2008)(dismissing improper TPIA claim failing to request appropriate relief); *Perez v. Araiza*, No. EP-07-CA-217-DB, 2007 WL 3125287 (W.D. Tex. Oct. 10, 2007), *aff'd*, 275 Fed. Appx. 385 (5th Cir. 2008)(declining to exercise jurisdiction over improperly filed TPIA claim).  The Court agrees.

With regard to the required suit for writ of mandamus, federal district courts are courts of limited statutory jurisdiction, the only federal statute empowering this Court to issue a writ of mandamus is 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff, and it lacks jurisdiction to issue a mandamus against Texas state officials to order them to provide Plaintiff with her requested information.  *Conlin v. Davis*, Civ. A. No. H-06-3305, 2006 WL 3030717, *1 (S.D. Tex. Oct. 23, 2006).

This Court observes that the Texas Legislature enacted the TPIA in 1973 "to provide public access 'at all times to complete information about the affairs of government and the official acts of public officials and employees." *City of Garland v. Dallas Morning News*, 22 S.W. 3d 351, 355-56 (Tex. 2000), quoting Tex. Gov't Code § 552.001.  The governmental body is then required to promptly produce the requested public information, Tex. Gov't Code § 552.221.  "Public information" is defined by the statute as

-18-

information that "under a law or ordinance or in connection with the transaction of official business, is collected, assembled, or maintained by a governmental body; or for a governmental body and the governmental body owns the information or has a right of access to it. *Id.* at § 552.021. Plaintiff has failed to identify the information she seeks, no less show that it meets the statutory definition and requirements. Moreover, certain categories of information are exempted from disclosure, but without knowing what Plaintiff seeks, it is impossible to determine if that information is exempted under §§ 552.101-.123.

Plaintiff's response (#19) to the motion to dismiss merely repeats the vague and conclusory allegations of the Amended Complaint and claims that she has not yet discovered who in the administration is responsible for the actions against her and requests time for discovery. She has not paid attention to the mandate of *Iqbal,* 129 S. Ct. at 1940, that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949.

-19-

Plaintiff further requests leave to amend before the Court dismisses the action.  This Court observes that Plaintiff has already amended once without pleading any more facts or specifying what her vague terms involve in a woefully insufficient complaint. The Court further notes that her attorney has practiced employment law in the Southern District of Texas for decades.  The Court finds any claim that he is not familiar with basic pleading standards and relevant law for Plaintiff's alleged causes of action would not be credible.  Nevertheless before requiring a plaintiff to respond to a motion for summary judgment, she needs to have an adequate opportunity for discovery.  *See, e.g., Morris v. Equifax Information Services, LLC*, 457 F.3d 460, 464 (5th Cir. 2006)("Summary judgment is proper if, *after adequate opportunity for discovery*, the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion show there is no genuine issue as to any material fact . . . .[emphasis added by the Court].").  Before discovery can be available, Plaintiff must state a viable claim that satisfies the Federal Rules of Civil Procedure.

Accordingly, for reasons indicated above, the Court

ORDERS that, as a matter of law, the following claims are DISMISSED without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1):

(1) Plaintiff's age discrimination claim under the ADEA and/or the Texas Labor Code;

(2) Plaintiff's FMLA claim against TSU if it is based on self-care; and

(3) Plaintiff's TPIA claim for damages against TSU or its officials if Plaintiff has not filed a suit for writ of mandamus in state court.

The Court also

ORDERS that Defendant's motion to dismiss for inadequate pleading of the remaining claims is otherwise GRANTED, but Plaintiff is granted leave to file within twenty days, if she is able, an amended complaint that satisfies Federal Rules of Procedure 8 and 12(b)(6).   Failure to comply will result in dismissal of this suit.

Finally the Court

ORDERS that Defendant's motion for summary judgment (#26) is DENIED without prejudice as premature, but it or an amended version may be reurged if appropriate after discovery has taken place.

**SIGNED** at Houston, Texas, this  14th  day of  February , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE