IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DORIS M. JACKSON, Pharm. D.,    §
                                §
            Plaintiff,          §
                                §
VS.                             §   CIVIL ACTION H-11-4092
                                §
TEXAS SOUTHERN UNIVERSITY, etc.,§
                                §
            Defendants.         §

## OPINION AND ORDER

Pending before the Court in the above referenced cause is Defendants Texas Southern University ("TSU"), Sunny E. Ohia, Barbara E. Hayes, Inyang N. Osemene, and Cyril V. Abobo's renewed motion to dismiss Plaintiff Lewis E. Jackson's[1] common-law assault claim against Defendant Abobo (instrument #54), the sole remaining claim in this action.

In an Opinion and Order dated February 3, 2014 (#52),[2] the Court granted Defendants' motions to dismiss all other claims in Plaintiff's second amended complaint.[3]  The Court asked for a

---

[1] Lewis E. Jackson has replaced his deceased wife, Doris M. Jackson, as Plaintiff in this suit.

[2] Also available at *Jackson v. Texas Southern Univ.*, ___ F. Supp.2d ___, 2014 WL 496653 (S.D. Tex. Feb. 03, 2014).

[3] The second amended complaint originally also asserted claims for age discrimination under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.051, denial of promised medical leave benefits under Texas statutory and common law, breach of contract and promissory estoppel, and retaliation in violation of her rights to free expression under the First and Fourteenth Amendments to the United States Constitution and the

-1-

supplemental pleading from Plaintiff so that it could determine whether the assault claim against Defendant Abobo took place while he was acting within the general scope of his employment as a faculty member at Texas Southern University; if so, the claim would be barred by Texas Civil Practice & Remedies Code § 101.106.[4]   The Court specifically stated, "If the assault occurred while Abobo and Plaintiff were proctoring an exam, in the scope of their job duties, § 101.106(f) would extend sovereign immunity protection to him and foreclose the claim against him in his individual

_____

Civil Rights Act of 1871, 42 U.S.C. § 1983.

[4] Section 101.106 ("Election of Remedies") provides in relevant part, . . .

>   (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding same subject matter unless the government unit consents. . . .

>   (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

>   (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

capacity."  #52 at p. 71.


### Plaintiff Jackson's First Supplemental Complaint (#53)

On or about February 26, 2013 Dr. Jackson and Dr. Abobo were proctoring examinations in different rooms for different groups of students when Dr. Abobo, acting "solely on his own purposes and motivation, without provocation, and without any relation to his general or specific duties as a University faculty member . . . physically assaulted Dr. Jackson . . . ."  #53 at p.2, ¶¶ 4.51-4.52.  The supplemental complaint, #53 at pp. 4-5, further states,

> 4.60 Dr. Abobo's conduct toward Dr. Jackson was in no way related to his duties as a faculty member of the University and did not directly or indirectly further the business and educational mission of the University.

> 4.61 Dr. Abobo's conduct toward Dr. Jackson was motivated solely by personal and professional dislike and animosity of Dr. Jackson. . . .

> 4.63 Nothing in the circumstances would permit a conclusion that Dr. Adobo acted in behalf of furtherance of the business of the University to the extent that Dr. Jackson could present an assault claim against the University under the doctrine of *respondeat superior*.

> 4.64 The University neither acquiesced, nor adopted, the conduct of Dr. Abobo, but instead caused an investigation of the incident to be conducted by law enforcement officers of the University and/or the municipality.

### Standard of Review

The Court incorporates the relevant portion of the Standard of Review from its earlier Opinion and Order (#52 att pp. 5-7).  It particularly emphasizes here that when a district court reviews a

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

**Defendants' Renewed Motion to Dismiss the Assault Claim (#54)**

Defendants urge that because it is clear that the alleged assault occurred when Dr. Abobo and Dr. Jackson were proctoring an examination as part of their official duties, a task lawfully assigned to them by TSU, the assault was within the general scope of their employment and § 101.106(f) of the Civil Practice and Remedies Code forecloses liability against Dr. Abobo. Legal conclusions, such as Dr. Abobo's statement that his conduct "was in no way related to his duties as a faculty member of the University and did not directly or indirectly further the business and educational mission of the University," need not be accepted as true unless supported by specific factual allegations that make a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

-4-

Such factual allegations are lacking here.  Nor does Plaintiff's statement, "Dr. Abobo's conduct toward Dr. Jackson was motivated solely by personal and professional dislike and animosity of Dr. Jackson," have any factual support.  Furthermore, personal motives do not take an employee's actions outside the general scope of employment.  *Anderson v. Bessman*, 365 S.W. 3d 119, 125-26 (Tex. App.--Houston [1ˢᵗ Dist.] 2011, no pet.)("An official acts within the scope of her authority if she is discharging duties generally assigned to her. . . . So long as it falls within the duties assigned, an employee's conduct is 'within the scope of employment,' even if done in part to serve the purposes of the employee or a third person.").[5]

### Plaintiff Jackson's "Reply" (#55)

Plaintiff insists that TSU is not liable for the tort of assault because assault is not within the scope of an employee's

---

[5] Plaintiff argues that this case is inapposite because it not only stated that an action is within the course and scope of an employee's duties when it "falls within the duties assigned," but it relied on a case that holds that conduct falls within the scope of employment only "when the employee carries out the express instructions of his employer."  *Arbelaez v. Just Brakes Corp.*, 149 S.W.3d 717, 723 n.7 (Tex. App.--Austin 2004, no pet.).

This Court observes that what footnote 7 in *Arbelaez* actually states is, "We have been unable to find a single case in Texas jurisprudence that supports the proposition that an employee is *not* within the course and scope of employment when the employee carries out the express instructions of his employer in an activity that benefitted, even indirectly, the employer's business [emphasis in original]."  *Id*.  Moreover, as will be discussed, for other reasons Plaintiff's definition is far too narrow generally and for the specific circumstances here.

-5-

authority unless the employee is employed in a job requiring use of force, such as law enforcement or guarding property.[6]  *See Texas & Pacific Railway Co. v. Hagenloh*, 151 Tex. 191, 247 S.W. 2d 236, 239 (Tex. 1952)("It is not ordinarily within the scope of a servant's authority to commit an assault on a third person.  And the cases in which liability has been imposed upon the master for assault by his servant are relatively few.  Usually, assault is the expression of personal animosity and is not for the purpose of carrying out the master's business.");  *Galveston, H & S.A. Railway Co. v. Currie*, 100 Tex. 136, 142, 96 S.W. 1073, 1074 (1906)("The case is controlled, in our opinion, by the proposition, in which all authority agrees, that when the servant turns aside, for however short a time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for that which he does in pursuing his own business or pleasure is upon him alone.")(cited and quoted by Hagenloh, 247 S.W. 2d at 241).   Thus Dr. Abobo is liable for his own conduct.   At the very least there are issues of fact with regard to his conduct that preclude disposition of the motion as a matter of law.

Plaintiff claims that the circumstances of the assault were pleaded in detail and indicate that no explicit or implicit

---

[6] For example, *see Ana, Inc. v. Lowry*, 31 S.W. 3d 765, 769 (Tex. App.--Houston [1st Dist.] 2000, no writ).

obligation was imposed on Dr. Abobo to assault Dr. Jackson.  Dr. Abobo assaulted Dr. Jackson for his own purposes.  Under Texas law, an assault can be effected intentionally, knowingly or recklessly by threat or infliction of bodily injury in either the criminal or civil context.  *Forbes v. Lanzl*, 9 S.W. 3d 895, 900 (Tex. App.-- Austin 2000, pet. denied).  He contends that "defendants' position is patently absurd, placing no limits on what a faculty member can do while on the job.  If a professor for example, is angered by a student's disagreeing with what is being professed, defendants would hold that professor free from liability for striking and seriously injuring the student."  #55 at p. 5.

## Court's Decision

The key distinction here, which Plaintiff does not acknowledge in the argument he makes and the cases he cites, is that Plaintiff is suing an employee of a governmental unit (a professor of a state university).  Under Texas law, state universities, including Texas Southern University, "'are agencies of the State and enjoy sovereign immunity.'" *Taylor v, Texas Southern University*, Civ. A. No. 4:12-CV-01975, 2013 WL 3157529, at *3-4 (S.D. Tex. June 20, 2013)(concluding that "for Eleventh Amendment purposes, a suit against a state agency or university is a suit against the state")(and cases cited therein).  Therefore the Texas Tort Claims Act, Texas Civil Practices & Remedies Code Ann. §§ 101.001-.109 (West 2011 & Supp. 2013), is relevant.

In the case cited by Defendants and disputed by Plaintiff, *Anderson v. Bessman*, the court observed that the Texas Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." 365 S.W. 3d at 125. Indicating the far more expansive nature of the term, "scope of employment," the court further opined,

> The faculty members contend that the administrators acted outside the scope of their employment because they brought personal motives to bear in deciding who should be fired. So long as it falls within the duties assigned, an employee's conduct is "within the scope of employment," even if done in part to serve the purposes of the employee or a third person. *Dictaphone Corp. v. Torrealba*, 520 S.W. 2d 869, 872 (Tex. Civ. App.--Houston [14th Dist.] 1975, writ ref'd n.r.e.)(employee's performance of duties to serve himself or a third person did not take him outside the scope of employment); *Best Steel Bldgs., Inc. v. Hardin*, 553 S.W. 2d 122, 128 (Tex. Civ. App.--Tyler 1977, writ ref'd n.r.e.)("The fact that the preponderate motive of the servant is to benefit himself or a third person does not prevent the act from being within the scope of employment."). The administrators' actions here fall within the scope of their employment because they carried out their supervisors' directives for the benefit of UTMB--even if personal motives in part persuaded them in the performance of their duty.

*Id.* at 125-26. The Court finds from the facts alleged here that Dr. Abobo was acting in the scope of his employment in proctoring an exam as lawfully assigned by TSU, substantially within the authorized time and space limits of the university's scheduling, even if he was motivated in part by personal animosity toward Dr.

-8-

Jackson.

Under the election of remedies provision of the Tort Claims Act, section 101.106, the claims against an individual defendant in both his individual capacity and his official capacity must be dismissed if it is "based on conduct within the general scope of that employee's employment." *Franka v. Velasquez*, 332 S.W. 3d 367, 370 (Tex. 2011)(holding that any state-law tort claim brought against a government employee [in his individual capacity] based on actions within the scope of his or her employment must be dismissed). The phrase "could have been brought" in § 101.106(f) applies to claims raised under the Act "regardless of whether the Act waives immunity from suit." *Id.* at 385; *Univ. of Tex. Health Science Center at Houston*, 349 S.W. 3d at 649. "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act] for purposes of section 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W. 3d 653, 659 (Tex. 2008); *Franka*, 332 S.W. 3d at 385 (A suit "could have been brought under the Texas Tort Claims Act against the governmental entity regardless of whether the Texas Tort Claims Act waives immunity for such claims.). *See also Shurb v. Univ. of Texas Health Science Center and Houston--School of Medicine*, No. 4:13-CV-271, 2013 WL 4096826, at *6 (S.D. Tex.

2013)(If "suit is filed against both the governmental unit and any of its employees [in their individual capacity] under this chapter, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 286 (5th Cir. 1999)("[I]f the conduct is the kind the employee is employed to perform, occurs substantially within the authorized time and space limits, and is actuated, at least in part, by a purpose to serve the employer[,] such action is within the scope 'even if the employee . . . used forbidden means of accomplishing results.'"), *quoting Kolstat v. Am. Dental Ass'n*, 527 U.S. 526, 543-44 (1999); *Lund v. Giauque*, __ S.W. 3d ___, 2013 WL 5834398, at *1 (Tex. App.--Fort Worth Oct. 31, 1213)(Section 101.106(f) "extends governmental immunity to acts of individual governmental employees acting within the scope of their employment.")(*citing* LTTS *Charter Sch. Inc. v. C2 Constr., Inc.* 342 S.W. 3d 73, 89-90 (Tex. 2011)). Here Plaintiff has sued both TSU and some of its Individual Professors and alleged that Individual Defendant Dr. Abobo in his individual capacity assaulted Dr. Jackson. TSU is among the Defendants filing the motions to dismiss. Accordingly, the claims against Dr. Abobo must be dismissed.

Therefore the Court

ORDERS that Defendants' motion to dismiss Plaintiff's common-law assault claim against Defendant Abobo (instrument #54) is

GRANTED with prejudice.  Final Judgment shall issue by separate order.

      **SIGNED** at Houston, Texas, this <u>14th</u> day of <u> July </u>, 2014.

                          _____
                               MELINDA HARMON
                 UNITED STATES DISTRICT JUDGE